JOAN BERNARD ARMSTRONG, Chief Judge.
 

 1In these consolidated appeals, each defendant-appellant was charged with a violation of La. R.S. 40:966 E, second or third offense possession of marijuana. Each appellant seeks review of the trial court’s denial of his motion to quash the charge against him based upon a claim that the enhancement of the charge was unconstitutional because it used at least one prior misdemeanor conviction for which a jury trial was not available. Although the trial court in each of these consolidated cases rejected this argument, a different section of Criminal District Court found that the argument had merit and ruled that La. R.S. 40:966 E was unconstitutional. The State appealed that ruling to the Louisiana Supreme Court. Because that case was pending in the Supreme Court, this court consolidated these cases and certified them to the Supreme Court. The Supreme Court subsequently reversed the ruling that La. R.S. 40:966 E was unconstitutional.
 
 State v. Jefferson,
 
 08-KA-2204 (La.12/1/09), 26 So.3d 112. The Supreme Court later denied certification in the consolidated cases from this Court and remanded the cases for consideration in light of Jefferson.
 
 State v. George,
 
 09-1977 (La.2/5/10), 27 So.3d 289. A summary of the chronology of each case follows.
 

 2008-KA-1193,
 
 State v. Brice George
 

 The State charged Brice George with a violation of La. R.S. 40:966 E(3), possession of marijuana, third offense, a charge to which he initially pled not guilty. On May 30, 2008, the court denied his motion to quash the bill of information. On June 30, 2008, the State amended the bill to charge George with possession of marijuana, second offense, and George withdrew his prior plea and pled guilty to the amended bill under
 
 North Carolina v. Alford,
 
 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), reserving his right to appeal the trial court’s denial of his motion to quash as per
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). George waived all delays, and the court sentenced him to two years at hard labor, suspended, and placed him on two years active probation. The court subsequently granted his motion for appeal.
 

 2008-KA-1338,
 
 State v. Robert Stevenson
 

 The State charged Robert Stevenson with possession of marijuana, third offense. There is no indication that the appellant was ever arraigned and initially pled not guilty, most likely because the case was realloted before he formally appeared. (See errors patent discussion,
 
 infra.)
 
 The court denied his motion to quash the bill of information on June 26, 2008. The same day, Stevenson pled guilty as charged, reserving his right under
 
 Crosby
 
 to appeal the trial court’s denial of his motion to quash. After Stevenson waived delays, the court sentenced him to two years at hard labor, suspended, and placed him on two years active probation.
 
 *943
 
 The court granted his motion for appeal on that date.
 

 2009-KA-0561,
 
 State v. Gregory Tobias
 

 The State charged Gregory Tobias with possession of marijuana, third offense, a charge to which he pled not guilty. The court heard and denied his motion to suppress the evidence on November 13, 2006. On January 13, 2009, Tobias filed a motion to quash the bill of information based upon the unconstitutionality of La. R.S. 40:966 E. The court denied the motion that date, and Tobias withdrew his prior plea of not guilty and pled nolo contendere as charged, reserving his right to appeal the court’s denial of his motion to quash. He waived delays, and the court sentenced him to two years at hard labor, suspended, and placed him on two years active probation. The court granted his motion for appeal on February 12, 2009.
 

 2009-KA-0630,
 
 State v. Howard White
 

 The State charged Howard White with possession of marijuana, second offense, a violation of La. R.S. 40:966 E(2). He subsequently pled not guilty to the charge. On February 18, 2009, the court denied White’s motion to quash the bill of information. That same day, White withdrew his prior plea and pled guilty as charged, reserving his right to appeal the court’s denial of his motion to quash. White waived delays, and the court sentenced him to one year at hard labor, suspended, and placed him on one year inactive probation. The court granted his motion for appeal on March 18, 2009.
 

 2009-KA-0867,
 
 State v. Ivory Grace
 

 The State charged Ivory Grace with possession of marijuana, third offense, a charge to which he pled not guilty. On January 29, 2009, the court heard and 14denied his motions to suppress the evidence and to quash the bill of information. On March 4, 2009, Grace withdrew his prior plea and pled guilty as charged, reserving his right to appeal the denial of his motion to quash. The court sentenced Grace on March 20, 2009, to serve one year at hard labor. The court also granted his motion for appeal.
 

 FACTS
 

 Because the appellants pled guilty in each of these cases, the facts of the cases are unknown. In any event, they are unnecessary to a resolution of claim raised in each appeal.
 

 ERRORS PATENT
 

 A review of the record in
 
 State v. Stevenson,
 
 2008-KA-1338, reveals that there is no indication that the appellant was ever arraigned and initially pled not guilty, most likely because the case was realloted before he formally appeared. However, this error, if it did occur, is harmless. As per La.C.Cr.P. art. 555, the failure to arraign a defendant is waived if the defendant “enters upon trial without objecting thereto, and it shall be considered as if he had pleaded not guilty.” See
 
 State v. Foreman,
 
 08-0902 (La.App. 4 Cir. 4/29/09), 10 So.3d 1238. Here, Stevenson did not go to trial; nonetheless, before pleading guilty, he specifically withdrew his prior plea of “not guilty” (6/28/08 tr. p. 3). Thus, all of the parties were under the impression that he had formerly pled not guilty. Therefore, any error that may have occurred by the court’s failure to arraign Stevenson was cured when he pled guilty to the bill of information.
 

 IsThere are no other patent errors in Stevenson’s appeal, nor are there any patent errors in the appeals of the other four defendants.
 

 Motion to Quash/Unconstitutionality of La. R.S. 40:966 E
 

 By their sole assignment of error raised in each of these cases, the appellants assert that the trial court erred by
 
 *944
 
 denying their motions to quash the charges against them. They contend that the United State Supreme Court’s ruling in
 
 Apprendi v. .New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the Louisiana Supreme Court’s ruling in
 
 State v. Brown,
 
 03-2788 (La.07/06/04), 879 So.2d 1276, mandate a finding that La. R.S. 40:966 E is unconstitutional in that the statute allowed the State to increase the maximum sentence to which they were exposed based upon at least one prior misdemeanor conviction for which they were not entitled to a jury trial.
 

 In
 
 Jefferson,
 
 the Court rejected these arguments. The Court held:
 

 After reviewing the statute, the jurisprudence, and the constitutional provisions at issue, we find, contrary to the conclusion of the district court, that LSA-R.S. 40:966(E)(2) does not suffer from a constitutional infirmity. For the reasons set forth, we find that the Sixth and Fourteenth Amendments, as construed in
 
 Apprendi
 
 and
 
 Brown,
 
 do not preclude the sentence-enhancing use of a prior valid, fair, and reliable conviction of a misdemeanor, obtained against an adult, where the misdemeanor proceeding included all the constitutional protections applicable to such proceedings, even though these protections do not include the right to trial by jury. Accordingly, we reverse the judgment of the district court granting the defendant’s motion to quash and declaring LSA-R.S. 40:966(E)(2) unconstitutional, and remand for further proceedings.
 

 Jefferson,
 
 08-2204 at p. 1, 26 So.3d at 113. The Court acknowledged that in
 
 Ap-prendi,
 
 the U.S. Supreme Court held that “[ojther than the fact of a prior | (¡conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.”
 
 Apprendi,
 
 530 U.S. at 490, 120 S.Ct. at 2362-2363. The Jefferson Court nonetheless refused to find that
 
 Appren-di’s
 
 “prior conviction” exception applied only to prior convictions for which a defendant was entitled to a jury trial. The Court noted that a defendant charged with a misdemeanor “is entitled to all the procedural protections available to a defendant in a felony prosecution, with the exception of the right to a jury trial, which the U.S. Supreme Court has determined is not essential to fair and reliable fact finding in a misdemeanor case involving a petty or non-serious crime.
 
 Duncan v. Louisiana,
 
 391 U.S. 145, 158, 88 S.Ct. 1444, 1452, 20 L.Ed.2d 491 (1968) (‘[W]e hold no constitutional doubts about the practices, common in both federal and state courts, of accepting waivers of jury trial and prosecuting petty crimes without extending a right to jury trial.’).”
 
 Jefferson
 
 at p. 6, 26 So.3d at 119. The Court stated:
 

 Our examination of the
 
 Apprendi
 
 line of cases convinces us that reliability, assured through proceedings that included all the procedural protections the Constitution requires for those proceedings, is the
 
 sine qua non
 
 for use of prior convictions to enhance a sentence under the “prior conviction” exception, and not the right to a jury trial. Indeed, it makes little sense to conclude, under
 
 Apprendi,
 
 that a judgment of criminality which the Sixth and Fourteenth Amendments deem fair and reliable enough, when rendered, to impose criminal penalties upon a defendant is nonetheless constitutionally inadequate for later use to establish the defendant’s recidivism.
 

 Id.
 
 at p. 7, 26 So.3d at 120. The Court rejected the defense argument that a prior misdemeanor conviction is not entitled to the presumption of regularity that attaches to a final judgment of a felony conviction.
 

 
 *945
 
 7The Court also rejected the defense argument that the Court’s ruling in
 
 Brown,
 
 that a juvenile adjudication for which a defendant is not entitled to a jury trial cannot be used to enhance a subsequent felony conviction, mandated that a misdemeanor adult conviction also cannot be used for the same purpose. The Court acknowledged that one of the factors it considered in
 
 Brown
 
 for exempting the use of juvenile adjudications in multiple bill proceedings was the lack of a jury trial. However, the Court emphasized that its holding in
 
 Brown
 
 was based upon the fundamental differences between a conviction from an adult criminal court and an adjudication of delinquency from a juvenile court, which “under the guise of
 
 parens patriae
 
 ... emphasize[s] treatment, supervision, and control rather than punishment.”
 
 Brown,
 
 2003-2788 at 19, 879 So.2d at 1289. For this reason, the Jefferson Court refused to equate a misdemeanor adult conviction and a juvenile adjudication and found that its ruling in Brown did not preclude the use of an adult misdemeanor prior conviction for enhancement purposes. The Court concluded:
 

 In the final analysis, we find that Louisiana’s statutory scheme of increased punishment for recidivist marijuana possession is in line with the constitutional principles of
 
 Apprendi
 
 and its progeny, and does not conflict with our, ruling in
 
 Brown,
 
 which is limited to juvenile adjudications and the unique nature of the juvenile justice system. More specifically, we find that the Sixth and Fourteenth Amendments, as construed in
 
 Ap-prendi
 
 and
 
 Brown,
 
 do not preclude the sentence-enhancing use, against an adult, of a prior valid, fair, and reliable conviction of a misdemeanor, obtained as an adult, where the misdemeanor proceeding included all the constitutional protections applicable to such proceedings, even though these protections do not include the right to trial by jury. Louisiana’s statutory scheme satisfies the requirement of due process because under the Sixth and Fourteenth Amendments, states are allowed the presumption that in petty crimes and offenses, trial judges are capable of reliable fact finding.
 

 Jefferson
 
 at p. 11, 26 So.3d at 124.
 

 8For the reasons set forth in
 
 Jefferson,
 
 the appellants’ claims here fail. The trial court did not err in denying the appellants’ motions to quash based upon their claims that La. R.S. 40:966 E is unconstitutional because of the use of at least one prior misdemeanor possession of marijuana conviction to enhance their present charges felonies.
 

 Therefore, consistent with the Louisiana Supreme Court’s February 5, 2010 denial of certification of these consolidated based on its opinion in
 
 Jefferson,
 
 we hereby affirm the convictions and sentences of all defendants-appellants in these consolidated cases.
 

 CONVICTIONS AND SENTENCES AFFIRMED.