TERRI F. LOVE, Judge.
 

 L Corey Butler (“Butler”) appeals his conviction and sentence for third offense possession of marijuana, requesting only a review of the record for errors patent. Because such review finds no error, we affirm Butler’s conviction and sentence and grant his counsel’s motion to withdraw.
 

 FACTUAL AND PROCEDURAL HISTORY
 

 The State charged Butler on November 2, 2009, with possession of marijuana, third offense, a charge to which he pled not guilty. He filed various suppression motions and a motion to quash the bill of information, contending that the statute under which he was charged, La.Rev.Stat. 40:966 E(3), was unconstitutional. The court denied this motion on November 20. Butler then withdrew his prior plea of not guilty and pled guilty as charged, reserving under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976), his right to appeal the trial court’s finding that the statute was constitutional. The court fully advised Butler of his rights, which he waived, and the court accepted his guilty plea. Butler waived all delays, and the court sentenced him to serve eighteen months at hard labor. The court granted Butler’s motion for appeal.
 

 The only facts of the offense are found in the gist of the police report. On the early evening of October 14, 2009, police officers on patrol observed a car make' a right turn without using a turn signal. The officers stopped the car, and upon approaching the car, the officers smelled a strong odor of marijuana coming from the car. The officers went to the passenger side of the car and informed the passenger, Butler, of his rights and that he was under investigation for a possible drug violation. Butler exited the car and told the officers that he had a bag of marijuana and a “blunt” in his right front pocket. The officers handcuffed Butler, reached into his pocket, and retrieved a bag of vegetable matter and a half-smoked cigar containing vegetable matter. The officers formally arrested Butler and again advised him of his rights. The officers conducted a field test on the vegetable matter, which indicated a positive result for the presence of marijuana.
 

 REVIEW FOR ERRORS PATENT
 

 In his sole assignment of error, Butler requests a review of the record for errors patent. Counsel complied with the
 
 *754
 
 procedures outlined by
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in
 
 State v. Benjamin,
 
 573 So.2d 528 (La.App. 4 Cir.1990). Counsel filed a brief complying with
 
 State v. Jyles,
 
 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because he believes, after a conscientious review of the record, that there is no non-fnvolous issue for appeal. Counsel reviewed available transcripts and found no trial court ruling that arguably supports the appeal. Counsel noted that the sole issue preserved for appeal, the alleged unconstitutionality of La.Rev.Stat. 40:966 E, has been rejected both by the Louisiana Supreme Court and this Court. See
 
 State v. Jefferson, 2008
 
 -2204 (La.12/1/09), 26 So.3d 112;
 
 State v. George,
 
 2008-1193 (La.App. 4 Cir. 3/11/10), 34 So.3d 941. A copy of counsel’s brief was forwarded to Butler, and this Court informed him that he had the right to file a brief in his own behalf. He has not done so. Thus, this Court’s review is limited to errors on the face of the record. La.Code Crim. Proc. art. 920.
 

 As per
 
 State v. Benjamin,
 
 this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Butler was properly charged by bill of information with possession of marijuana, third offense in violation of La. Rev.Stat. 40:966 E(3), and the bill of information was signed by an assistant district attorney. Butler was present and represented by counsel at arraignment, while pleading guilty, and at sentencing. Butler’s guilty plea and sentence are legal in all respects.
 

 DECREE
 

 Our independent review reveals no non-frivolous issue and no trial court ruling that arguably supports the appeal. Therefore, we affirm Corey Butler’s guilty plea and sentence, and we grant appellate counsel’s motion to withdraw.
 

 CONVICTION AFFIRMED; SENTENCE AFFIRMED.