TERRI F. LOVE, Judge.
liThe State of Louisiana charged Defendant Landry with one count of prostitution, third offense. The State then amended the bill to charge Ms. Landry with prostitution, second offense. Defendant Landry appeals, arguing that the trial court erred in denying her motion to quash the bill of information based upon a claim that La. R.S. 14:82 C is unconstitutional.
We find that the trial court did not err in denying the appellant’s motion to quash in that La. R.S. 14:82 C provides that a first offense conviction exposes a defendant to a misdemeanor sentence, while a second conviction or third conviction exposes her to a felony sentence.
FACT AND PROCEDURAL BACKGROUND
The State of Louisiana charged Shan-zelle Landry (“Ms.Landry”) with one count of prostitution, third offense. Ms. Landry pled not guilty to the charge at her arraignment, and after the trial court conducted a preliminary hearing, the court found probable cause to hold Ms. Landry for trial.
Thereafter, Ms. Landry filed three motions to quash the charge against her, which the trial court denied. The State then amended the bill to charge Ms. Landry with prostitution, second offense. Ms. Landry pled guilty to the amended bill, preserving her right to appeal the court’s denial of her motions to quash under State v. Crosby, 338 So.2d 584 (La.1976). Ms. *715 Landry waived all delays, and the court sentenced her to two years at hard labor, suspended, and placed her on one year active probation. Ms. Landry appeals.
Recitation of the facts is not necessary given the assignments of error raised on appeal.
ERRORS PATENT
A review of the record reveals no patent errors.
MOTION TO QUASH
In her sole assignment of error, the appellant contends that the trial court erred in denying her motion to quash the bill of information based upon a claim that La. R.S. 14:82 C, the statute under which penalties for repeated acts of prostitution are enhanced, is unconstitutional.[1] She argues that the United States Supreme Court’s ruling in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the Louisiana Supreme Court’s ruling in State v. Brown, 2003-2788 (La.7/06/04), 879 So.2d 1276, mandate a finding that La. R.S. 14:82 C is unconstitutional in that the statute allowed the State to increase the maximum sentence to which she was exposed based upon at least one prior misdemeanor conviction for which she was not entitled to a jury trial. She acknowledges that this argument is the same as that rejected by the Supreme Court in State v. Jefferson, 2008-2204 (La.12/1/09), 26 So.3d 112, where it was raised with respect to enhanced penalties provided in La. R.S. 40:966 E, second or third offense | ^marijuana possession. Nonetheless, she now asserts this claim “to complete and preserve her issues on appeal.”
In rejecting these arguments with respect to La. R.S. 40:966 E, the Court in Jefferson stated:
After reviewing the statute, the jurisprudence, and the constitutional provisions at issue, we find,- contrary to the conclusion of the district court, that LSA-R.S. 40:966(E)(2) does not suffer from a constitutional infirmity. For the reasons set forth, we find that the Sixth and Fourteenth Amendments, as construed in Apprendi and Brown, do not preclude the sentence-enhancing use of a prior valid, fair, and reliable conviction of a misdemeanor, obtained against an adult, where the misdemeanor proceeding included all the constitutional protections applicable to such proceedings, even though these protections do not include the right to trial by jury. Accordingly, we reverse the judgment of the district court granting the defendant’s motion to quash and declaring LSA-R.S. 40:966(E)(2) unconstitutional, and remand for further proceedings.
Jefferson, at pp. 1-2, 26 So.3d at 113. The Court acknowledged that in Apprendi the U.S. Supreme Court held that “[ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.” Apprendi, 530 U.S. at 490, 120 S.Ct. at 2362-63. The Jefferson Court interpreted “prior conviction” to mean any prior conviction, whether or not the defendant had been entitled to a jury trial, noting that a defendant charged with a misdemeanor “is entitled to all the procedural protections available to a defendant in a felony prosecution, with the exception of the right to a jury trial, which the U.S. Supreme Court has determined is not essential to fair and reliable fact find *716 ing in a misdemeanor case involving a petty or non-serious crime. Duncan v. Louisiana, 391 U.S. 145, 158, 88 S.Ct. 1444, 1452, 20 L.Ed.2d 491 (1968) (‘[W]e hold no ^constitutional doubts about the practices, common in both federal and state courts, of accepting waivers of jury trial and prosecuting petty crimes without extending a right to jury trial.’).” Jefferson at p. 12, 26 So.3d at 119. The Court stated:
Our examination of the Apprendi line of cases convinces us that reliability, assured through proceedings that included all the procedural protections the Constitution requires for those proceedings, is the sine qua non for use of prior convictions to enhance a sentence under the “prior conviction” exception, and not the right to a jury trial. Indeed, it makes little sense to conclude, under Apprendi, that a judgment of criminality which the Sixth and Fourteenth Amendments deem fair and reliable enough, when rendered, to impose criminal penalties upon a defendant is nonetheless constitutionally inadequate for later use to establish the defendant’s recidivism.
Id. at p. 13, 26 So.3d at 120.
As here, the defendant in Jefferson also argued that the Court’s ruling in Brown mandated that a misdemeanor conviction cannot be used to enhance a sentence. In Brown, the Court held that a juvenile adjudication for which a defendant was not entitled to a jury could not be used to enhance a subsequent felony conviction. The Jefferson Court rejected this argument, refusing to equate a misdemeanor adult conviction with a juvenile adjudication for enhancement purposes. While acknowledging that one of the factors the Brown Court relied upon to exempt the use of juvenile adjudications in multiple bill proceedings was the lack of a jury trial, the Jefferson Court emphasized that its holding in Brown was grounded on the fundamental differences between an adult conviction and an adjudication of delinquency from a juvenile court, which “under the guise of parens patriae ... emphasize[s] treatment, supervision, and control rather than punishment.” Brown, at p. 19, 879 So.2d at 1289. The Court concluded:
lain the final analysis, we find that Louisiana’s statutory scheme of increased punishment for recidivist marijuana possession is in line with the constitutional principles of Apprendi and its progeny, and does not conflict with our ruling in Brown, which is limited to juvenile adjudications and the unique nature of the juvenile justice system. More specifically, we find that the Sixth and Fourteenth Amendments, as construed in Apprendi and Brown, do not preclude the sentence-enhancing use, against an adult, of a prior valid, fair, and reliable conviction of a misdemean- or, obtained as an adult, where the misdemeanor proceeding included all the constitutional protections applicable to such proceedings, even though these protections do not include the right to trial by jury. Louisiana’s statutory scheme satisfies the requirement of due process because under the Sixth and Fourteenth Amendments, states are allowed the presumption that in petty crimes and offenses, trial judges are capable of reliable fact finding.
Jefferson at p. 20, 26 So.3d at 124.
In State v. George, 2008-1193, 2008-1338, 2009-0561, 2009-0630, 2009-0867, (La.App. 4 Cir. 3/11/10), 34 So.3d 941, this court rejected the same arguments as those raised in Jefferson with respect to La. R.S. 40:966 E.
Here, the statute that the appellant contends is unconstitutional, La. R.S. 14:82 C, is similar to La. R.S. 40:966 in that the sentence for a conviction is enhanced if a *717 defendant has been previously convicted of the same offense. Like La. R.S. 40:966 E, La. R.S. 14:82 C provides that a first offense conviction exposes a defendant to a misdemeanor sentence, while a second conviction or third conviction exposes her to a felony sentence. Citing Apprendi and Brown, the appellant argues that any enhancement based on a misdemeanor conviction is unconstitutional. However, for the same reasons set forth in Jefferson and George, the trial court did not err in denying the appellant’s motion to quash based upon this ground. This assignment of error has no merit.
DECREE
|6The trial court did not err in denying Defendant’s motion to quash. Defendant’s conviction and sentence are affirmed.
CONVICTION AFFIRMED; SENTENCE AFFIRMED.

. Although she filed two other motions to quash in the trial court on other grounds, she only assigns error on appeal as to the constitutionality of La. R.S. 14:82 C.