*253
 
 MICHAEL E. KIRBY, Judge.
 

 STATEMENT OF CASE
 

 hThe State of Louisiana charged Wayne Odom with one count of possession of marijuana, second offense in violation of La. R.S. 40:966(E). He pled nolo contendere as charged, reserving his right under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976), to appeal the denial of his subsequently filed written motion to quash the bill of information. He waived all delays, and court sentenced him to one year at hard labor, suspended, and placed him on one year active probation, with fines and fees imposed. Thereafter, the court amended Odom’s sentence to delete the fines and fees.
 

 FACTS
 

 Because Odom pled guilty, this fact summary is taken from the gist of the police report contained in the appeal record. Police officers on patrol saw Odom riding a bicycle on the sidewalk on General Meyer Drive. The officers observed Odom weaving back and forth from the sidewalk to the road. Because riding a bicycle on a sidewalk is prohibited for someone over fifteen years of age, and because the officers believed that Odom may have been intoxicated, they stopped |?him and immediately smelled alcohol on his breath. They also noticed that his speech was slurred. The officers arrested Odom for public intoxication, and incidental to this arrest, they found a hand-rolled cigarette containing what appeared to be marijuana. The officers transported Odom to the police station where they tested the substance in the cigarette, the result of which was positive for marijuana.
 

 DISCUSSION
 

 ERRORS PATENT
 

 A review of the record reveals no patent errors.
 
 [1]
 

 ASSIGNMENT OF ERROR
 

 By his sole assignment of error, the appellant contends that the trial court erred by denying his motion to quash the bill of information based upon his claim that La. R.S. 40:966(E), is unconstitutional. He argues that the United State Supreme Court’s ruling in
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the Louisiana Supreme Court’s ruling in
 
 State v. Brown,
 
 2003-2788 (La.07/06/04), 879 So.2d 1276, mandate a finding that La. R.S. 40:966(E) is 1 .^unconstitutional because the statute allows the State to increase the maximum sentence to which he was exposed based upon at least one prior misdemeanor conviction for which he was not entitled to a jury trial. He acknowledges that this argument is the same as that rejected by the Supreme Court in
 
 State v. Jefferson,
 
 2008-2204 (La.12/1/09), 26 So.3d 112. Nonetheless, he now asserts this claim for this
 
 *254
 
 court’s reconsideration and to preserve the issue.
 

 In rejecting these arguments, the Court in
 
 Jefferson
 
 stated:
 

 After reviewing the statute, the jurisprudence, and the constitutional provisions at issue, we find, contrary to the conclusion of the district court, that LSA-R.S. 40:966(E)(2) does not suffer from a constitutional infirmity. For the reasons set forth, we find that the Sixth and Fourteenth Amendments, as construed in
 
 Apprendi
 
 and
 
 Brown,
 
 do not preclude the sentence-enhancing use of a prior valid, fair, and reliable conviction of a misdemeanor, obtained against an adult, where the misdemeanor proceeding included all the constitutional protections applicable to such proceedings, even though these protections do not include the right to trial by jury. Accordingly, we reverse the judgment of the district court granting the defendant’s motion to quash and declaring LSA-R.S. 40:966(E)(2) unconstitutional, and remand for further proceedings.
 

 Jefferson,
 
 2008-2204 at pp. 1-2, 26 So.3d at 113. The Court acknowledged that in
 
 Ap-prendi
 
 the U.S. Supreme Court held that “[ojther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.”
 
 Apprendi,
 
 530 U.S. at 490, 120 S.Ct. at 2362-2363. The
 
 Jefferson
 
 Court interpreted “prior conviction” to mean any prior conviction, whether or not the defendant had been entitled to a jury trial, noting that a defendant charged with a misdemeanor “is entitled to all the procedural protections available to a defendant in a felony prosecution, with the exception of the right to a jury trial, which the 14U.S. Supreme Court has determined is not essential to fair and reliable fact finding in a misdemeanor case involving a petty or non-serious crime.
 
 Duncan v. Louisiana,
 
 391 U.S. 145, 158, 88 S.Ct. 1444, 1452, 20 L.Ed.2d 491 (1968) (‘[W]e hold no constitutional doubts about the practices, common in both federal and state courts, of accepting waivers of jury trial and prosecuting petty crimes without extending a right to jury trial.’).”
 
 Jefferson
 
 at p. 12, 26 So.3d at 119. The Court then stated:
 

 Our examination of the
 
 Apprendi
 
 line of cases convinces us that reliability, assured through proceedings that included all the procedural protections the Constitution requires for those proceedings, is the
 
 sine qua non
 
 for use of prior convictions to enhance a sentence under the “prior conviction” exception, and not the right to a jury trial. Indeed, it makes little sense to conclude, under
 
 Apprendi,
 
 that a judgment of criminality which the Sixth and Fourteenth Amendments deem fair and reliable enough, when rendered, to impose criminal penalties upon a defendant is nonetheless constitutionally inadequate for later use to establish the defendant’s recidivism.
 

 Id.
 
 at p. 13, 26 So.3d at 120.
 

 Moreover, as here, the defendant in
 
 Jefferson
 
 also argued that the Court’s ruling in
 
 Brown
 
 mandated that a misdemeanor conviction cannot be used to enhance a sentence. In
 
 Brown,
 
 the Court held that a juvenile adjudication for which a defendant was not entitled to a jury could not be used to enhance a subsequent felony conviction. The
 
 Jefferson
 
 Court rejected this argument, refusing to equate a misdemeanor adult conviction with a juvenile adjudication for enhancement purposes. While acknowledging that one of the factors the
 
 Brown
 
 Court relied upon to exempt the use of juvenile adjudications in multiple bill proceedings was the lack of a jury trial, the
 
 Jefferson
 
 Court emphasized that its holding in
 
 Brown
 
 was grounded on
 
 *255
 
 the fundamental differences between an adult 1 ¡jconviction and an adjudication of delinquency from a juvenile court, which “under the guise of
 
 parens patriae ...
 
 emphasizefs] treatment, supervision, and control rather than punishment.”
 
 Brown,
 
 2003-2788 at 19, 879 So.2d at 1289. The Court concluded:
 

 In the final analysis, we find that Louisiana’s statutory scheme of increased punishment for recidivist marijuana possession is in line with the constitutional principles of
 
 Apprendi
 
 and its progeny, and does not conflict with our ruling in
 
 Brown,
 
 which is limited to juvenile adjudications and the unique nature of the juvenile justice system. More specifically, we find that the Sixth and Fourteenth Amendments, as construed in
 
 Ap-prendi
 
 and
 
 Brown,
 
 do not preclude the sentence-enhancing use, against an adult, of a prior valid, fair, and reliable conviction of a misdemeanor, obtained as an adult, where the misdemeanor proceeding included all the constitutional protections applicable to such proceedings, even though these protections do not include the right to trial by jury. Louisiana’s statutory scheme satisfies the requirement of due process because under the Sixth and Fourteenth Amendments, states are allowed the presumption that in petty crimes and offenses, trial judges are capable of reliable fact finding.
 

 Jefferson
 
 at p. 20, 26 So.3d at 124.
 

 In
 
 State v. George,
 
 2008-1193 (La.App. 4 Cir. 3/11/10), 34 So.3d 941, this court rejected the same arguments as those raised in
 
 Jefferson.
 

 Citing
 
 Apprendi
 
 and
 
 Brown,
 
 the appellant argues that any enhancement based on a misdemeanor conviction is unconstitutional. However, as set forth in
 
 Jefferson
 
 and
 
 George,
 
 the trial court did not err by denying the appellant’s motion to quash based upon this ground. This assignment of error has no merit.
 

 CONCLUSION
 

 The appellant’s argument has been rejected by both this court and the Louisiana Supreme Court. The trial court did not err by denying his motion to | r,quash based on this argument. Accordingly, we affirm his conviction and sentence.
 

 AFFIRMED.
 

 [1]
 

 . As noted by the State, apparently the appellant
 
 orally
 
 moved to quash the bill prior to pleading nolo contendere at his initial arraignment. The minute entry from the arraignment, however, is silent on the subject other than reserving Mr. Odom’s rights under
 
 State v. Crosby.
 
 As per La.C.Cr.P. art. 536, a motion to quash must be filed in writing. Technically, the court erred by considering his oral motion at that time. Although he later filed a written motion to quash raising the same claim, Art. 535A provides that a motion to quash must be filed prior to the commencement of trial (or in this case his plea of guilty). However, as also noted by the State, the basis of the motion to quash is a jurisdictional claim that the prosecution was brought under an unconstitutional statute, which as per
 
 Crosby,
 
 may be raised even when a defendant gives an unqualified plea. Thus, as the State argues, this court should address the issue rather than vacating the appellant’s plea of guilty based on his assumption that he could appeal the denial of an oral motion to quash and allowing him to raise the issue again in the proper form.