PATRICIA RIVET MURRAY, Judge.
 

 |,In this is a criminal appeal, the defendant, Sherman Tolbert, appeals his conviction and sentence. The sole issue presented is whether the district court erred by denying Mr. Tolbert’s motion to quash. The basis for his motion to quash was his contention that the statute under which he was charged, La. R.S. 40:966(E), is unconstitutional in that it allows the State to use a prior misdemeanor conviction obtained without the right to a jury trial to increase the statutory maximum penalty for a second offense in violation of the United States Supreme Court’s holding in
 
 Apprendi v. New
 
 Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and the Louisiana Supreme Court’s holding in
 
 State v. Brown,
 
 03-2788 (La.7/6/04), 879 So.2d 1276. Finding the statute constitutional and finding no errors, we affirm.
 

 STATEMENT OF THE CASE
 

 On December 2, 2009, the State of Louisiana charged Mr. Tolbert with one count of possession of marijuana, second offense, in violation of La. R.S. 40:966(E)(2). On March 24, 2010, Mr. Tolbert pled not guilty when he appeared at his arraignment. On May 13, 2010, Mr. Tolbert orally moved to quash the |2charge against him, contending that La. R.S. 40:966(E) is unconstitutional. The district court denied the motion. Mr. Tolbert then withdrew his prior plea of not guilty and pled guilty as charged, reserving his right under
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976), to appeal the denial of his motion to quash the bill of information. He waived all delays, and the district court sentenced him to six months in parish prison, suspended; placed him on six months inactive probation; and imposed a $100 fine. The next day, defense counsel filed a written motion to quash based on the same ground that he alleged orally in open court.
 

 STATEMENT OF THE FACTS
 

 The facts of the underlying offense are not pertinent to the resolution of Mr. Tol-bert’s assignment of error. Because he pled guilty, the following brief factual summary is taken from the gist of the police report contained in the appeal record. On November 25, 2009, police officers saw Mr. Tolbert impeding the flow of traffic in the 1300 block of Marigny Street. As the
 
 *526
 
 officers exited their police vehicle, Mr. Tol-bert threw down an object. The officers retrieved the object, which was a bag containing a substance consistent with marijuana. They arrested Mr. Tolbert and field-tested the object, the result of which was positive for marijuana. Mr. Tolbert was previously convicted of possession of marijuana.
 

 DISCUSSION
 

 ERRORS PATENT
 

 A review of the record for patent errors reveals none.
 

 ASSIGNMENT OF ERROR
 

 By his sole assignment of error, Mr. Tolbert asserts that the district court erred by denying his motion to quash the bill of information, in which he alleged that the statute under which he was charged, La. R.S. 40:966(E), is unconstitutional. As noted at the outset, his contention is that the holdings in the
 
 Apprendi
 
 and
 
 Brown
 
 cases mandate a finding that La. R.S. 40:966(E) is | ^unconstitutional because the statute allowed the State to increase the maximum sentence to which he was exposed based upon at least one prior misdemeanor conviction for which he was not entitled to a jury trial. Mr. Tolbert acknowledges that this argument was rejected by the Louisiana Supreme Court in
 
 State v. Jefferson,
 
 08-2204 (La.12/1/09), 26 So.3d 112. Nonetheless, he now raises this claim for this court’s reconsideration and to preserve the issue for possible future federal review.
 

 Rejecting this argument, the Louisiana Supreme Court in
 
 Jefferson, supra,
 
 reasoned:
 

 After reviewing the statute, the jurisprudence, and the constitutional provisions at issue, we find, contrary to the conclusion of the district court, that LSA-R.S. 40:966(E)(2) does not suffer from a constitutional infirmity. For the reasons set forth, we find that the Sixth and Fourteenth Amendments, as construed in
 
 Apprendi
 
 and
 
 Brown,
 
 do not preclude the sentence-enhancing use of a prior valid, fair, and reliable conviction of a misdemeanor, obtained against an adult, where the misdemeanor proceeding included all the constitutional protections applicable to such proceedings, even though these protections do not include the right to trial by jury. Accordingly, we reverse the judgment of the district court granting the defendant’s motion to quash and declaring LSA-R.S. 40:966(E)(2) unconstitutional, and remand for further proceedings.
 

 Jefferson,
 
 08-2204 at pp. 1-2, 26 So.3d at 113. The Court quoted language from
 
 Ap-prendi
 
 that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.”
 
 Apprendi,
 
 530 U.S. at 490, 120 S.Ct. 2348. The Supreme Court in
 
 Jefferson
 
 interpreted “prior conviction” to apply to any prior conviction, whether or not the defendant had been entitled to a jury trial, noting that even when a defendant is charged with a misdemeanor, he “is entitled to all the procedural protections available to a defendant in a felony prosecution, with the exception of the right to a jury trial, which the U.S. Supreme Court has determined is not essential to fair and reliable fact finding in a misdemeanor case involving a petty or non-serious crime.
 
 Duncan v. Louisiana,
 
 391 U.S. 145, 158, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) (‘[W]e hold no constitutional doubts about the practices, common in both federal and state courts, of accepting waivers of jury trial and prosecuting petty crimes without extending a right to jury trial.’).”
 
 Jeffer
 
 
 *527
 

 son,
 
 08-2204 at p. 12, 26 So.3d at 119. The Supreme Court then stated:
 

 Our examination of the
 
 Apprendi
 
 line of cases convinces us that reliability, assured through proceedings that included all the procedural protections the Constitution requires for those proceedings, is the sine qua non for use of prior convictions to enhance a sentence under the “prior conviction” exception, and not the right to a jury trial. Indeed, it makes little sense to conclude, under
 
 Apprendi,
 
 that a judgment of criminality which the Sixth and Fourteenth Amendments deem fair and reliable enough, when rendered, to impose criminal penalties upon a defendant is nonetheless constitutionally inadequate for later use to establish the defendant’s recidivism.
 

 Jefferson,
 
 08-2204 at p. 13, 26 So.3d at 120.
 

 In addition, as in the instant case, the defendant in
 
 Jefferson
 
 argued that a misdemeanor conviction should be treated the same as a juvenile adjudication, which the Supreme Court in
 
 Brown
 
 held could not be used to enhance a subsequent felony conviction because the adjudication resulted from a proceeding where the defendant was not entitled to a jury. Rejecting this argument, the Supreme Court in
 
 Jefferson
 
 refused to equate a misdemeanor adult conviction with a juvenile adjudication for enhancement purposes. The Supreme Court in
 
 Jefferson
 
 acknowledged that the lack of a jury trial was one of the factors that it relied on in the
 
 Brown
 
 case to exempt the use of juvenile adjudications in multiple bill proceedings. Nonetheless, the Supreme Court emphasized that its holding in
 
 Brown
 
 was grounded on the fundamental differences between an adult conviction and an adjudication of delinquency from a juvenile court, which “under the guise of parens patriae ... emphasize[s] treatment, supervision, and control rather than punishment.”
 
 Brown,
 
 03-2788 at 19, 879 So.2d at 1289. The Supreme Court in
 
 Jefferson
 
 concluded:
 

 In the final analysis, we find that Louisiana’s statutory scheme of increased punishment for recidivist marijuana possession is in line |swith the constitutional principles of
 
 Apprendi
 
 and its progeny, and does not conflict with our ruling in
 
 Brown,
 
 which is limited to juvenile adjudications and the unique nature of the juvenile justice system. More specifically, we find that the Sixth and Fourteenth Amendments, as construed in
 
 Ap-prendi
 
 and
 
 Brown,
 
 do not preclude the sentence-enhancing use, against an adult, of a prior valid, fair, and reliable conviction of a misdemeanor, obtained as an adult, where the misdemeanor proceeding included all the constitutional protections applicable to such proceedings, even though these protections do not include the right to trial by jury. Louisiana’s statutory scheme satisfies the requirement of due process because under the Sixth and Fourteenth Amendments, states are allowed the presumption that in petty crimes and offenses, trial judges are capable of reliable fact finding.
 

 Jefferson,
 
 08-2204 at p. 20, 26 So.3d at 124.
 

 In several recent cases this has court rejected the same arguments as those raised by the defendant in the
 
 Jefferson
 
 case.
 
 State v. George,
 
 08-1193 (La.App. 4 Cir. 3/11/10), 34 So.3d 941;
 
 State v. Odoms,
 
 10-1278 (La.App. 4 Cir. 3/16/11), 62 So.3d 252;
 
 see also State v. Butler,
 
 10-0330, p. 2 (La.App. 4 Cir. 5/12/10), 39 So.3d 752, 754 (granting counsel’s
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), motion to withdraw and noting that both this court and the Louisiana Supreme Court have rejected the argument that La. R.S. 40:966(E) is unconstitutional).
 

 
 *528
 
 Summarizing, Mr. Tolbert’s contention is that given the holdings in the
 
 Apprendi
 
 and
 
 Brown
 
 cases any enhancement based on a misdemeanor conviction is unconstitutional. Both this court and the Louisiana Supreme Court have rejected this same contention. The district court thus did not err by denying Mr. Tolbert’s motion to quash based on this contention. This assignment of error has no merit.
 

 DECREE
 

 For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
 

 AFFIRMED